**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

AGNES GEORGES,

                        Plaintiff,

       v.                                                 No. 1:17-CV-1243
                                                                 (GTS/CFH)

JOEL HATSER, Advisor Lawyer; JOSEPH
CIAVANITTI, US Attorney Lawyer; KURT
BRATTEN BRIAN, Bar Association 518-
445-7691,

                        Defendants.

---

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Agnes Georges commenced this action on November 13, 2017 with the filing of a complaint. Dkt. No. 1 ("Compl."). In lieu of paying this Court's filing fee, plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP"). Dkt. No. 2. Plaintiff also filed a Motion for Appointment of Counsel. Dkt. No. 3. After reviewing plaintiff's IFP application, Dkt. No. 2, the undersigned determines that plaintiff qualifies to proceed IFP for purposes of filing.[2]

### I. Initial Review

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

[2] Although she has been granted IFP status in connection with filing this complaint, plaintiff will still be required to pay any fees she may incur in this action.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action. As plaintiff is representing herself, the Court is to consider her claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).

## II. Plaintiff's Complaint

Plaintiff's complaint in this action consists of a form civil rights complaint. Plaintiff states that each named defendant, who she identifies as lawyers, "refuse to help me." Compl. at 1-2. It appears that plaintiff contacted all of these defendants for some form of assistance, and was denied such assistance. See id. She suggests that these defendants are aware of a conspiracy involving Levy Rathner, "a US Gov Commander Chief" and the police, but defendants "prefer to protect him not me." Id. at 2. It appears that plaintiff sought to file a report with police about certain crimes committed against her, but was not allowed to file a report or provide an order of protection. Id. at 4. Plaintiff has not named any police officer or police department as a defendant in this action.

2

As indicated above, plaintiff's complaint makes unexplained references to "Levy Rathner," who is not a named defendant, and also refers to a "crime" or a "network," "corruption, stealing cards, use fake ID, fake credit card, steal my identity, use them for somebody else, a damage for life." Compl. at 3. Plaintiff provides that she "feel[s] unsafe wherever I go, federal police keep follow [sic] me, I am an [sic] spy." Id. at 4. However, plaintiff does not explain any of these allegations. Her complaint does not detail to any degree how the named defendants were personally involved in these alleged wrongs. Moreover, the complaint does not explain how any of the named defendants violated any federal law or any of her constitutional rights. To the extent that plaintiff suggests that she sought legal assistance from the named defendants, and that defendants either declined to represent her or declined to prosecute certain alleged crimes, a prosecutor's decision not to prosecute[3] a case[4] or a lawyer's decision not to represent an individual[5] does not amount to a violation of the law. Id. at 3. Plaintiff's complaint also does not provide a clear demand for relief. Id. at 6.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is

---

[3] "'[P]rosecutors are absolutely immune from liability under § 1983' in matters involving the prosecution – or failure to prosecute – individuals." Wagner v. Mollen, 5:05-CV-1290 (NAM/DEP), 2005 WL 2592417, at *1 (N.D.N.Y. Oct. 13, 2005) (quoting Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994)).

[4] Plaintiff may arguably be arguing that one of the named defendants, who she identified as a "US Attorney Lawyer," improperly declined to prosecute certain unnamed persons or entities.

[5] Plaintiff does not contend that she paid any of these attorneys a retainer fee to represent her as her attorney.

3

entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 requires:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis

for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, especially with respect to a pro se complaint, the court generally affords the plaintiff leave to amend the complaint to state a nonfrivolous claim. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although detailed allegations are not required, the complaint must still include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Id. at 555-56. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). In reviewing a pro se complaint, the Court must "liberally construe [the] pleadings," and interpret the complaint to "raise the strongest arguments it suggests." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). However, conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

5

Plaintiff's complaint does not comply with the pleading requirements, and it is not possible, for the Court to assess how any named defendant was personally involved in any violation of federal law, what federal laws or constitutional rights she alleges were violated, or whether this action is properly in federal court. See, e.g., Williams v. Smith, 781 F.2d 319, 323 ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (citation and internal quotation marks omitted). Ultimately, plaintiff has not provided sufficient facts for this Court to assess plaintiff's complaint, as plaintiff has given no context for her general statements about violations of the law by parties who are not named in the complaint, nor explanations as to how her constitutional rights were violated by either these unnamed parties or by the named defendants. See Compl.

The undersigned further recommends that the complaint be dismissed with prejudice. Although the district court generally is to afford a pro se plaintiff at least one opportunity to amend prior to outright dismissal, Dolan v. Connolly, 794 F.3d 290, 295 (2d Cir. 2015), it is clear to the undersigned that any attempt by plaintiff to amend her complaint would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Plaintiff's complaint is clearly "a case[] in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). Plaintiff has submitted at least seven other actions in this Court, many of which were submitted on the same day, and all of these complaints have either been dismissed for failure to comply with pleading standards or a recommendation for dismissal is pending

6

for review before the assigned District Judge.[6]  Further, in matters where plaintiff was given an opportunity to amend her complaint, those cases were eventually dismissed for failure to properly comply with the Court's order.  See Georges v. Duchene (DNH/DJS), 17-CV-86, Dkt. No. 9; Georges v. Schneiderman (BKS/DJS), 17-CV-524, Dkt. No. 16.  Even in light of the special solicitude to be accorded to pro se plaintiffs' complaints, "courts cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations[.]" Giamattista v. Am. Airlines, Inc., 584 F. App'x 23, 25 (2d Cir. 2010) (summary order).

Finally, as the undersigned is recommending dismissal of plaintiff's complaint, it is also recommended that her motion for appointment of counsel be denied as moot. See Leftridge v. Connecticut State Trooper Officer No. 1283, 640 F.3d 62, 68 (2d Cir. 2011).[7]

## II. Anti-Filing Injunction Order

As indicated herein, plaintiff has commenced at least seven actions in this Court

---

[6] See Georges v. Rathner (DNH/DJS), 1:17-CV-1276 (filed Nov. 13, 2017); Georges v. Duchene (DNH/DJS), 1:17-CV-86 (dismissed for failure to comply with Court's Order) (filed Jan. 26, 2017); Georges v. Schneiderman (BKS/DJS), 1:17-CV-524 (dismissed for failure to state a claim) (filed May 11, 2017); Georges v. Gov. Tower VA, 1:17-CV-1244 (TJM/ATB) (filed Nov. 13, 2017); (recommendation pending for dismissal with prejudice for failure to state a claim and frivolity); Georges v. Rathner (BKS/DJS) 1:17-CV-1245 (recommendation for dismissal with prejudice pending) (filed Nov. 13, 2017); Georges v. Cuomo (TJM/DJS), 1:17-CV-1247 (recommendation for dismissal with prejudice pending) (filed Nov. 13, 2017); Georges v. Rathner, 1:17-CV-1246 (DNH/CFH)(recommendation for dismissal with prejudice pending)(filed Nov. 13, 2017).

[7] It is also noted that plaintiff has not provided evidence of any efforts she has taken in an attempt to obtain counsel on her own from either the public or private sectors. Terminate Control Corp. v. Horowitz, 28 F.3d 1135 (2d Cir. 1994).  She has further failed to demonstrate that her claims are likely to be of substance – a consideration this Court must weigh in assessing requests for appointment of counsel. Leftridge v. Connecticut State Trooper Officer No. 1283, 640 F.3d 62, 68 (2d Cir. 2011).

7

in the past year, several of which were filed in November 2017. See n.6, supra. All of plaintiff's cases have either been dismissed or are pending with a recommendation for dismissal and all appear to involve similar unintelligible claims about a "network," Levy Rathner, and unspecified and/or crimes committed against herself and her family. In the cases where plaintiff was given an opportunity to amend, she did not submit any responsive or intelligible filing that adequately addressed the Court's concerns.

"District courts possess the authority to issue injunctive sanctions under Rule 11." Colida v. Nokia Inc., No. 07 CIV.8056 KMW HBP, 2008 WL 4517188, at *13 (S.D.N.Y. May 6, 2008), report and recommendation adopted as modified, No. 07 CIV 8056 KMW HBP, 2008 WL 4449419 (S.D.N.Y. Sept. 29, 2008), aff'd, 347 F. App'x 568 (Fed. Cir. 2009) (quoting In re Martin-Trigona, 737 F.2d 1254, 1261-62 (2d Cir. 1984)). "Federal courts have . . . the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Martin-Trigona, 737 F. Supp. 2d at 1261. The Court must consider the following factors in drtermining whether to issue an anti-filing injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Safir v. U.S. Lines Inc., 792 F.2d 19, 24 (2d Cir. 1986). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely

8

to continue to abuse the judicial process and harass other parties." Id. at 24.

The first factor, plaintiff's history of litigation, weighs in favor of granting the anti-filing injunction. All of the lawsuits plaintiff has commenced in this District appear to be reiterations of the same claims. Although the complaints in each case are very difficult to interpret, it can be gathered that in each complaint, plaintiff seeks review of issues related to a "network" that appears to be a conspiracy to commit crimes against her and spy on her. However, in each case, the assigned Judge has determined that plaintiff's complaint failed to meet the pleading requirements. See n.6, supra. Further, plaintiff has been unable to set forth claims that meet basic pleading standards even where plaintiff has been given an opportunity to amend. See, e.g., Georges v. Duchene (DNH/DJS), 1:17-CV-86; Georges v. Schneiderman (BKS/DJS), 1:17-CV-524. In addition, although not dispositive of the issue, it is noteworthy that plaintiff has also attempted to commence at least one similar action in another district, and that action was dismissed without prejudice as the complaint "fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure." See Georges v. Doctor Dalmacy, 17-CV-00017 (D.D.C. filed Jan. 4, 2017).

As to the second factor, it cannot be said that plaintiff has a good faith motive in pursuing this litigation. Although plaintiff is proceeding pro se, and it appears she experiences difficulty in complying with this Court's pleading standards, this Court has repeatedly explained that her complaints do not supply sufficient coherent facts or claims for the Court to assess her claim, yet she continues to file very similar complaints with the same defects. Safir, 792 F.2d at 24. Although plaintiff is not

9

represented by counsel, the third factor this Court is to consider, this factor does not weigh against granting an injunction, as it is unlikely that even if represented, plaintiff would be able to state a claim. Safir, 792 F.2d at 24. As for the fourth factor, plaintiff has not caused "needless expense to other parties," as plaintiff's complaints have not been served on the defendants; however, plaintiff has "posed an unnecessary burden on the courts and their personnel," as she has filed multiple actions involving what appears to be the same or similar claims, and has not been able to amend her complaint or properly comply with Court orders in those cases, despite being provided with such opportunities. As to the final factor, it does not appear to the undersigned that lesser sanctions would suffice, as plaintiff does not appear to understand, or perhaps have regard for, the Federal Rules of Civil Procedure, the Local Rules of the Northern District of New York, or the basic facts necessary to provide a sufficient background of her claims before this Court. Id. The undersigned is of the belief that plaintiff will continue to file frivolous lawsuits about the same matters. Accordingly, it is recommended that an anti-filing injunction be issued against this plaintiff requiring plaintiff to obtain permission of the Court prior to filing any actions in this District.

Although anti-filing injunctions are to be narrowly tailored, because plaintiff repeatedly names a variety of defendants, providing little or any information about how defendants are personally involved in the alleged wrongdoings, it is unlikely that attempting to tailor an anti-filing injunction that would be limited to certain claims or defendants would be of utility. Accordingly, it is recommended that the anti-filing injunction enjoin plaintiff from commencing *any* new action in this district without first

obtaining leave of the Court.  Finally, as a litigant must be given an opportunity to be heard before an anti-filing injunction is entered against her, it is also recommended that the Court provide such opportunity to plaintiff.  See <u>Moates v Barkley</u>, 147 F.3d 207, 208 (1998).

### III.  Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) be **GRANTED** for purposes of filing only; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **dismissed sua sponte *with prejudice***, and it is

**RECOMMENDED**, pursuant to 28 U.S.C. § 1651(a), this Court issue an Anti-Filing Injunction, ordering that plaintiff be enjoined from further filings in the Northern District of New York without leave of Court; and it is

**ORDERED**, that plaintiff's Motion for Appointment of Counsel (Dkt. No. 3) be **DENIED** as moot; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation."

11

N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated: January 2, 2018
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

12